**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

---------------------------------------------------------------.---------:

BINOD SHAH,
A 201-586-591

                Petitioner,

   -against-

DIRECTOR, JACKSON PARISH CORRECTIONAL
CENTER,  IMMIGRATION & CUSTOMS
ENFORCEMENT. DETENTION AND REMOVAL
OPERATIONS,  THOMAS HOMAN, DIRECTOR ,
IMMIGRATION  AND CUSTOMS ENFORCEMENT
KEVIN MCALEENAN, ACTING SECRETARY OF
DEPARMENT OF HOME LAND SECURITY,
WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

                Respondents.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No:

:

--------------------------------------------------------------------------

**PETITION FOR A WRIT OF HABEAS CORPUS**
**WITH EMERGENCY ORDER TO SHOW CAUSE WITHIN**
**THREE DAYS PURSUANT TO 28 U.S.C. §2241 *ET SEQ.***

1.      Petitioner hereby petitions this Court under 28 U.S.C. § 2241, *et seq.*, to issue a Writ of

Habeas Corpus ordering review of Defendants' denial of Petitioner's credible fear determination.

In the alternative, Petitioner requests that the Court order Respondents to show cause within

three days pursuant to 8 U.S.C. §2243.

2.      Petitioner requests that this Court order Respondents to immediately show cause why the

relief requested in this petition should not be granted.  According to 28 U.S.C. § 2243:

> A court, justice or judge entertaining an application for a writ of habeas corpus
> shall forthwith award the writ or issue an order directing the respondent to show
> cause why the writ should not be granted, unless it appears from the application

-1-

that the applicant or person detained is not entitled thereto. The writ or order to show cause shall be directed to the person having custody of the person detained. *It shall be returned within three days unless for good cause additional time, not exceeding twenty days is allowed.*

28 U.S.C. § 2243 (emphasis added).

## JURISDICTION

3.    Jurisdiction is proper in this Court pursuant to 28 USC § 2241 (habeas corpus), 28 USC § 1331 (federal question jurisdiction), 28 USC § 1252, the Administrative Procedure Act, and Article I, Section 9, Clause 2 of the U.S. Constitution, the Suspension Clause, and the common law.

## VENUE

4.    Venue is proper in that Petitioner is currently being detained at Jackson Parish Correctional Center, 287 Industrial Dr., Jonesboro, LA, which is within this district.

## PARTIES

5.    Petitioner Binod Shah is a male native and citizen of Nepal and an applicant for the relief of asylum in the United States, who currently being held at Jackson Parish Correctional Center.

6.    Respondent Thomas Homan, Director of Immigration and Customs Enforcement ("ICE"), is Director of an agency organized and existing under the laws of the United States of America. ICE has responsibility for detaining and executing orders of removal/ deportation/ exclusion of aliens.

7.    Respondent Kevin McAleenan is the Acting Secretary of the Department of Homeland Security, and as such is charged with the supervision, oversight, and direction of ICE.

8.    Respondent William P. Barr is the duly appointed, qualified, and confirmed Attorney General of the United States, and as such is the official charged with the enforcement of the laws of the United States and the official charged with the enforcement of the laws of the nation.

9.     Respondent Director of Jackson Parish Correctional Center is responsible for the physical incarceration of Petitioner.

## LEGAL GROUNDS FOR RELIEF

10.     This is an action arising under, and a petition seeking relief provided by, Article I, § 9, clause 2, and the Fifth Amendment, of the United States Constitution, 28 U.S.C. § § 2241 and 2412, Section 236 (c) of the Immigration and Nationality Act, as amended, 8 U.S.C. § 1101 et seq. (the "Act"), and the Code of Federal Regulations, 8 C.F.R. § 1103.19 (h)(2)(i).

11.     Petitioner is an asylum applicant who has been threatened and persecuted for his political opinion and membership in the Nepali Student Union and for supporting the Nepali Congress Party against the Maoist Communist Party.

12.     Petitioner asserts that Maoists have threatened him and beaten him in Nepal for not complying with their demands. Maoists searched for him after he had left home and have inquired about him with his mother and have even left a threatening letter asking for a donation and declaring his family as their enemy.  Mr. Shah left Nepal and came to the United States seeking asylum.

13. Notwithstanding Mr. Shah's testimony about his experience in Nepal and his genuine fear of being returned there, the Asylum Office determined that he did not have a "credible fear" of persecution and placed Mr. Shah into expedited removal.

14. It is unclear on what basis the Asylum Office could have come to the conclusion that Mr. Shah did not have a credible fear of persecution.  The term "credible fear" in the asylum context means that "there is a significant possibility, taking into account the credibility statements made by the alien in support of his claim and such other facts as are known to the officer, that the alien could establish eligibility for asylum under Section 208 of the Immigration and Nationality Act

(the "Act"). The "significant possibility" standard of proof requires a showing of "substantial and realistic possibility of succeeding" which is a lower standard that the "preponderance of evidence standard." *Holmes v. Amerex Rent-a-Car*, 180 F.3d 294, 297 (D.C. Cir. 1999).

15.   The Respondents' credible fear screening deprived Mr. Shah of a meaningful right to apply for asylum and other forms of relief, in violation of 8 U.S.C. § 1225(b)(1), its implementing regulations, and the United States Convention against Torture, implemented in the Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA"), Pub. L. No. 105-277, div. G., Title XXII, § 2242, 112 Stat. 2681 (1998). The Respondents violated these statutes by denying Mr. Shah a fair procedure applying a incorrect legal standard to Mr. Shah 's credible fear application.

16.   The Respondents violated Mr. Shah 's rights under the Due Process Clause of the Fifth Amendment of the U.S. Constitution by not providing him with a meaningful opportunity to establish his claims or challenge the Respondents' denial of his asylum claim, failing to comply with the applicable statutory and regulatory requirements, and in not providing him with a reasoned explanation for their decision.

## COUNT I:

## VIOLATION OF DUE PROCESS RIGHTS

17.   The allegations set forth in paragraphs 1 through 15 above are repeated and re-alleged as though fully set forth herein.

18.   Petitioner's claims merely assert his right to the meaningful credible fear procedure to which is entitled under the immigration statute, regulations, and Constitution.

19.   Petitioner is entitled to Fifth Amendment constitutional protections of due process in removal proceedings, as well as the procedural protections of the immigration regulations designed to protect the due process rights of aliens. *Reno v. Flores*, 507 U.S. 292, 306 (1993);

*The Japanese Immigrant Case*, 189 U.S. 86, 100-101 (1903).

20.  The habeas corpus review provided by statute at 8 U.S.C. § 1252 (e)(2) fails to provide a meaningful opportunity for adequate review of Petitioner's credible fear determination.

21.  The habeas corpus review provided by statute at 8 U.S.C. § 1252 (e)(2) does not permit Respondent an opportunity to meaningfully challenge the denial of his asylum application and is therefore in derogation of his rights under the Due Process Clause of the United States Constitution.

22.  At a minimum, the Suspension Clause entitles the Petitioner to a meaningful opportunity to demonstrate that he is being held pursuant to the erroneous application or interpretation of relevant law.

23.  Because it does not provide the Petitioner with a meaningful opportunity to demonstrate that he is being held pursuant to the erroneous application or interpretation of relevant law, the habeas corpus review provided by statute at 8 U.S.C. § 1252 (e)(2) is limited so as effectively to suspend the Writ of Habeas Corpus as applied to Mr. Shah.

24.  Under the Due Process Clause, the Petitioner seeks by Writ of Habeas Corpus the review of the government's determination that he does not have a credible fear of persecution in Nepal, including, without limitation, the question of whether the Respondents complied with the procedures in the instant case and whether Respondent applied the correct legal standards.

## A WRIT OR ORDER TO SHOW CAUSE SHOULD BE ISSUED FORTHWITH

25.  Petitioner respectfully requests that this Court award the writ forthwith.

26.  Alternatively, Respondents should be ordered to show cause within three days why the relief requested in this petition should not be granted.   According to 28 U.S.C. § 2243:

> A court, justice or judge entertaining an application for a writ of habeas corpus

shall *forthwith* award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.  The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

28  U.S.C. § 2243 (emphasis added).

27. Petitioner also requests, and asserts that he is entitled to be immediately released or considered for a release on bond pending this Court's decision on this writ.

<u>**EXHAUSTION OF ADMINISTRATIVE REMEDIES**</u>

28.    No prior application for release has been made to this Court on his behalf.

29.    There is no other venue in which to challenge the denial of Petitioner's credible fear determination.

**WHEREFORE, PETITIONER PRAYS AFTER DUE PROCEEDINGS HAD, THAT THIS HONORABLE COURT ORDER:**

I.    That this Court determine that the Respondents did not follow the correct legal procedures and applied an incorrect legal standard

II.    That this Court determine that the credible fear determination is without any basis in fact or law, and permit the Petitioner to proceed with his asylum application.

III.    That this Court require the Respondents to provide an explanation of its decisions;

IV.    That the Court grant interim release pending a final decision, and any appeal of such decision, on this writ;

V.    That this Court award Petitioner costs and attorneys fees; and

VI.    That the Court grant any other and further relief may be fit and proper.

Dated:        September 5, 2019

Respectfully submitted,


THOMAS, SOILEAU, JACKSON, BAKER & COLE, LLP

*/s/Steven E. Soileau*

_____

Steven E. Soileau, LA Bar No. 17150
401 Edwards Street, Suite 2015
Shreveport, LA  71101
Telephone: (318) 216-5058
Facsimile: (318) 216-5087

**PRO HAC VICE:**

Khagendra Gharti-Chhetry, Esq.
Attorney for Plaintiff-Petitioner
Last Four Numbers of SS# 5198
363 Seventh Avenue, Suite 1500
New York, New York 10001
(212) 947-1079