# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| **BINOD SHAH** | **CIVIL ACTION NO. 3:19-CV-1164** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **DIRECTOR, JACKSON PARISH CORRECTONAL CENTER, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

On September 5, 2019, after the close of business, Petitioner Binod Shah ("Shah") filed a "Petition for Writ of Habeas Corpus with Emergency Order to Show Cause Within Three Days Pursuant to 28 U.S.C. § 2241, *et seq.*" [Doc. No. 1] and a Motion for Emergency Stay of Removal [Doc. No. 2]. Shah named as Respondents the Director of the Jackson Parish Correctional Center; Immigration & Customs Enforcement, Detention and Removal Operations; Thomas Homan, Director, Immigration and Customs Enforcement; Kevin McAleenan, Acting Secretary of Department of Home Land Security; and William P. Barr, U.S. Attorney General.

According to his Petition, Shah is a male native and citizen of Nepal. Shah asserts that he is a member of the Nepali Student Union and that he has been threatened and persecuted for the membership and supporting the Nepali Congress Party against the Maoist Communist Party. He further asserts that Maoists threatened and beat him for not complying with their demands. He left Nepal on an unspecified date and came to the United States. Since his departure, he asserts that Maoists have looked for him, inquired with his mother, and left a threatening letter asking for a donation and declaring his family to be the enemy.

Again, on an unspecified date, after arriving in the United States, Shah sought asylum. He states that he presented testimony to support his asylum claim, but that the Asylum Office determined that he did not have a "credible fear" of persecution and placed Shah in expedited removal proceedings. He is being held at the Jackson Parish Correctional Center.

In his Petition and Motion, Shah seeks habeas relief in the form of (1) a determination that Respondents did not follow the correct legal procedures and applied an incorrect legal standard in finding that he had not demonstrated credible fear; (2) an order finding that Respondents' lack of credible fear finding is without any basis in fact or law allowing him to proceed with his asylum application; (3) an order requiring Respondents to provide an explanation of their decision; (4) an order of interim release pending a final decision an any appeal of such decision; (5) costs and attorneys' fees; and (6) any other and further relief that is fit and proper. Alternatively, Shah seeks a show cause order issued to Defendants to respond in three (3) days why the relief he seeks should not be granted.

In support of his Petition and Emergency Motion, Shah cites Article I, § 9, clause 2, and the Fifth Amendment of the United States Constitution; 28 U.S.C. §§ 2241 and 2412; Section 236(c) of the Immigration and Nationality Act, as amended 8 U.S.C. § 1101, *et seq*.; and 8 C.F.R. § 1103.19(h)(2)(i). He contends that his Due Process rights under the Fifth Amendment have been violated by the lack of meaningful credible fear procedures and that the habeas corpus review provided by 8 U.S.C.§ 1252(e)(2) does not permit meaningful opportunity for review or challenge of a credible fear determination, further violating his Due Process rights. Additionally, Shah contends that the Suspension Clause entitles him a meaningful opportunity to demonstrate that he is being held under an erroneous interpretation or application of the law.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, —— U.S. ——, 133 S.Ct. 1059, 1064, 185 L.Ed.2d 72 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Because federal courts are "'duty-bound to examine the basis of subject matter jurisdiction *sua sponte*,'" this Court must determine if it has jurisdiction to hear Shah's claims. *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir.2008) (quoting *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004))

The 2005 REAL ID Act "divested federal [district] courts of jurisdiction over § 2241 [habeas] petitions attacking removal orders." *Rosales v. Bureau of Immigration & Customs Enforcement*, 426 F.3d 733, 736 (5th Cir. 2005). Under the Act, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of [Chapter 12]." 8 U.S.C.A. § 1252(a)(5). "[T]he terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision." *Id.* These provisions generally bar district courts from reviewing removal orders, even via a petition for habeas corpus.

However, pursuant to section 1252(e), judicial review is still available in the district courts for certain challenges related to expedited removal orders issued under § 1225(b)(1). *See* 8 U.S.C. § 1252(a) ("Judicial review of a final order of removal **(other than an order of removal without a hearing pursuant to section 1225(b)(1) of this title)** is governed only by chapter 158 of Title 28, except as provided in subsection (b) of this section [governing petitions for review by the court of appeals]. . ..") (emphasis added); *see also Solis-de Patino v. Pitts*, 823

F. Supp. 2d 457, 459 (W.D. Tex. 2011). The limitations on judicial review of § 1225(b)(1)

expedited removal orders contained in § 1252(e) apply and provide as follows:

> (1) Limitations on Relief
>
> Without regard to the nature of the action or claim and without regard to the
> identity of the party or parties bringing the action, **no court may**--
>
> (A) enter declaratory, injunctive, or other equitable relief in any action pertaining
> to an order to exclude an alien in accordance with section 1225(b)(1) of this title
> except as specifically authorized in a subsequent paragraph of this subsection . . .
>
> . . . .
>
> (2) Habeas corpus proceedings
>
> Judicial review of any determination made under section 1225(b)(1) of this title is
> available in habeas corpus proceedings, but shall be limited to determinations of--
>
> (A) whether the petitioner is an alien,
>
> (B) whether the petitioner was ordered removed under such section, and
>
> (C) whether the petitioner can prove by a preponderance of the evidence that the
> petitioner is an alien lawfully admitted for permanent residence, has been
> admitted as a refugee under section 1157 of this title, or has been granted asylum
> under section 1158 of this title, such status not having been terminated, and is
> entitled to such further inquiry as prescribed by the Attorney General pursuant to
> section 1225(b)(1)(C) of this title.

(emphasis added).  Therefore, the reviewing court may determine whether a removal order "was

issued and whether it relates to the petitioner. There shall be no review of whether the alien is

actually admissible or entitled to any relief from removal." *Solis-de Patino*, 823 F.Supp.2d at

460  (rejecting petitioner's argument that because the original expedited order of removal was not

appropriately executed and failed to comply with regulations, the court had jurisdiction to

consider "whether such an order was in fact issued").  Shah does not deny that he is an alien or

that he was ordered removed pursuant to the expedited removal statute. Likewise, he cannot prove that he by a preponderance of the evidence that he is an alien lawfully admitted for permanent residence, has been admitted as a refugee, or has been granted asylum. Instead, he challenges the fact that he has not been granted asylum. Thus, because Shah does not raise one of the grounds for review permitted by § 1252(e)(2), the Court has no jurisdiction to consider his claims.

Shah also asserts that the Court has jurisdiction under the Suspension Clause. However, the United States Court of Appeals has previously rejected such claims. *See Brumme v. INS*, 275 F.3d 443, 448 (5th Cir. 2001) (characterizing argument that courts have jurisdiction under § 1252(e)(2)(B) to determine whether the expedited removal statute "was applicable in the first place" as an attempt to make "an end run around" the "clear" language of § 1252(e)(5) ); *see also Diaz Rodriguez v. U.S. Customs & Border Prot.*, 6:14-CV-2716, 2014 WL 4675182, at *4 (W.D. La. 2014), *vacated sub nom. Diaz-Rodriguez v. Holder*, 14-31103, 2014 WL 10965184 (5th Cir. 2014) ("[T]he legislatively imposed limitation on review of his expedited removal order in his particular case does not run afoul of the Suspension Clause.")

Shaw's attempt to rely on Administrative Procedures Act ("APA") as a basis for jurisdiction fails as well. The APA provides judicial review for "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." *Hinojosa v. Horn*, 896 F.3d 305, 310 (5th Cir. 2018) (quoting 5 U.S.C. § 702). However, judicial review under the APA is not available when "statutes preclude judicial review" or "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). Such is the case here. Given the applicability of § 1252(e)(2), under which this Court has no

jurisdiction to review or set aside Shah's order of expedited removal, judicial review under the APA is also unavailable. *See* 5 U.S.C. § 701(a); *see also Sandoval-Lopez v. Tillerson*, 713 F. App'x 255, 258–59 (5th Cir. 2017); *Hidalgo-Mejia v. Pitts*, 343 F.Supp.3d 667, 670–73 (W.D. Tex.2018. (citing same).

To the extent that Shah makes "challenges on validity of the system," under 8 U.S.C. § 1252(e)(3), such actions must be instituted in the United States District Court for the District of Columbia. These actions are "limited to determinations of—(i) whether such section, or any regulation issued to implement such section, is constitutional; or (ii) whether such a regulation, or a written policy directive, written policy guidelines, or written procedure issued by or under the authority of the Attorney General to implement such section, is not consistent with applicable provisions of this subchapter or is otherwise in violation of law." 8 U.S.C. § 1252(e)(3). Such challenges also have a deadline to be filed within 60 days of implementation of the challenged "section, regulation, directive, guideline or procedure." 8 U.S.C. § 1252(e)(3). Regardless, this Court does not have jurisdiction to consider challenges on the validity of the system either.

Finally, the Court recognizes that Shah requests release pending a determination of his Petition. The Real ID Act "does not . . . preclude habeas review of challenges to detention that are independent of challenges to removal orders." *Baez v. Bureau of Immigration and Customs Enf't*, 150 Fed. App'x. 311, 312 (5th Cir. 2005) (citing H.R. Rep. No. 109-72, at 300 (2005)). However, in this case, Shah does raise an independent challenge to his detention, but one that is part and parcel of his petition for review. Thus, the Court also lacks jurisdiction to consider his request for release as well.

Accordingly, for these reasons, the Petition is DENIED for lack of jurisdiction, and the

Motion for Emergency Stay of Removal is DENIED AS MOOT.

MONROE, LOUISIANA, this 6th day of September, 2019.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE